LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

**NATALI J.H. TODD**  
**MEMBER: NY & MA BAR**

**26 COURT STREET**  
**SUITE 413**  
**BROOKLYN, NY 11242-1134**

Tel:   718-797-3055  
Fax: 718-504-3900  
E-mail: *natali_todd@yahoo.com*  
www.natalitoddlawyer.com

February 12, 2023

via ECF  
Honorable Dora L. Irizarry  
United States District Judge  
Eastern District of New York  
225 Cadman Plaza East  
Brooklyn, NY   11201

Re:   U.S. v. Keith Wyche and Oneil Allen, 18 Cr. 561 (DLI)  
        Motion in Limine to Admit Out of Court Statement

Dear Judge Irizarry:

We write to move *in limine* to offer an out-of-court statement by Sarah Wieboldt that is critical to the defense and admissible under multiple established hearsay exceptions.

### I.     Background

According to a DD5 detective's memorandum (the DD5) written by Detective Peter Reyes, on her way to the hospital immediately following her overdose, Ms. Wieboldt "admitted" to Officer Rutigliano that she purchased the drugs from the individual saved in her phone as "Connect." (not "James"). The police at that time viewed Ms. Wieboldt's phone. Thereafter, they obtained the actual phone, but it did not have information relating to the October 27, 2017 overdose and they have not produced it in evidence.

Ms. Wieboldt's statement, as recorded in the DD5 (3500-SW-4) is central to the defense case as it establishes that the drugs that caused the overdose were sold by someone other than the defendants. On cross examination, Ms. Wieboldt testified that that should could not recall the conversation contained in the DD5. Tr. 798.

Law Offices Of
**Natali J.H. Todd, P.C.**

---

### II. The statement of Wieboldt is admissible as a prior inconsistent statement

The statement that another person sold Ms. Weiboldt the drugs on October 27, 2017 is clearly inconsistent with her trial testimony. This inconsistency is material to the defendants' case in that it is directly relevant to the a charge against them. Rules 613 and 801 (c). The jury is entitled to weigh the credibility of Ms. Wieboldt's trial testimony in light of the prior inconsistent statement. Moreover, pursuant to Rule 801 (d) (1) (C) the statement it is not hearsay in that it identifies someone other than the defendants that the witness perceived earlier.

### III. The DD5 is admissible as a business record.

There are two layers of hearsay to address: the police report and Wieboldt's statement within it. The first layer is easily disposed of as the detective's report, known as a DD5, is plainly a business record admissible under Rule 803(6). It is well established that police reports are admissible as business records when offered by the defense. *United States v. Carneglia*, 256 F.R.D. 384, 391 (E.D.N.Y. 2009) (Weinstein, J.) ("A criminal defendant may offer police reports under the business records hearsay exception in Federal Rule of Evidence 803(6)."); *Spanierman Gallery, Profit Sharing Plan v. Merritt*, 2003 WL 22909160, at *5 (S.D.N.Y. Dec. 9, 2003) ("As is true for police reports, FBI reports are admissible in evidence as either business records, *see* Fed. R. Evid. 803(6), or as public records, *see* Fed. R. Evid. 803(8).").

Here, the DD5 was prepared the same day as the overdose and the law enforcement interaction with Ms. Wieboldt – October 27, 2017. It was entered into the NYPD database and maintained there as part of the ordinary practice and course of activities of a NYPD detective. These foundational facts will be elicited by Detective Reyes and Police Officer Rutigliano both of whom will be subpoenaed on February 13, 2023 to testify in the defense's case.

LAW OFFICES OF
NATALI J.H. TODD, P.C.

---

### IV. Wieboldt's identification of another drug dealer is admissible under multiple hearsay exceptions.

Ms. Wieboldt's statements as recorded in the DD5 report are also admissible under multiple hearsay exceptions: as an excited utterance; as a present sense impression; and as a statement against penal interest.

### A. The statement is an excited utterance.

An "excited utterance" is admissible under Rule 803(2) when it is made "under the stress of excitement caused by the event or condition" when making the statement. *United States v. Scarpa*, 913 F.2d 993, 1017 (2d Cir. 1990) (quotation marks omitted). Here, the statement was made while the Ms. Wiebodlt was in the throes of an overdose, afraid that she could die, and being rushed to a hospital.

### B. The statement is a present sense impression.

Ms. Wieboldt's statement is also a present sense impression admissible under Rule 803(1). The present sense impression exception to the rule against hearsay requires that the statement be made "while or immediately after the declarant perceived" the event or condition at issue. Here, the statements were made during the course of the overdose, while Ms. Wiebeoldt was still in an ambulance.

### C. The statement was made against penal interest

Ms. Wieboldt's statement that she purchased drugs and a had a dealer's contact in her phone was plainly an admission against penal interest and therefore admissible under Rule 804(b)(3). A statement is admissible under this exception if the witness' testimony is unavailable; a reasonable person in the declarant's shoes would perceive the statement as detrimental to their interest; and there exists corroboration of the statement.

As a threshold matter, Ms. Wieboldt's testimony is "unavailable" – even though Wieboldt was called as a government witness – because she "testifie[d] to not remembering the subject matter." Fed. R. Evid. 803(a)(3); *see generally* United States v. Salerno, 937 F.2d 797, 805 (2d Cir. 1992) ("[T]he crucial factor is not the unavailability of the witness but the unavailability of his testimony.") (quoting J. Weinstein & M. Berger, *Weinstein's Evidence* ¶ 804(a)[01], at 804–36). Here, given two opportunities to recall what she said in the ambulance, Ms. Wieboldt testified, "I don't recall the conversation with a police officer

LAW OFFICES OF
NATALI J.H. TODD, P.C.

in detail in the ambulance" and "I can't say with certainty" what was said. Tr. 798. Wieboldt's lack of memory renders her unavailable within the meaning of Rule 803(a)(3).

Next, a reasonable person in Ms. Wieboldt's shoes would have understood that she was providing a statement against penal interest. *United States v. Saget*, 377 F.3d 223, 231 (2d Cir. 2004). The police themselves realized precisely that, as they wrote that in the DD5 that Wieboldt "admitted" she had her drug dealer's name in her phone under the contact called "Connect." By telling the police that she had purchased drugs from a dealer whose contact was in her phone, Wieboldt admitted to violating, *inter alia*, NYPL 220.03, which makes it a crime to "possess" a "controlled substance." Further, by admitting that she purchased, possessed, and consumed drugs provided by a dealer listed in her phone, Ms. Wieboldt was admitting to violating NYPL 220.39(1), which makes it a class B felony to knowingly and unlawfully "sell" a narcotic drug; and "sell" is defined in NYPL 220.00 as to "exchange, give or dispose of to another, or to offer or agree to do the same."

Simply put: any reasonable person would consider it self-inculpatory to tell the police that she purchased and consumed drugs from a dealer she keeps in her contacts. The police understood that and described Ms. Wieboldt's admission as just that – an admission – as stated in the DD5.

Finally, to be admissible, there must be "corroborating circumstances that clearly indicate," Fed. R. Evid. 804(3)(B), "both the declarant's trustworthiness and the truth of the statement," *United States v. Lumpkin*, 193 F.3d 280, 287 (2d Cir. 1999). Further, "the inference of trustworthiness from the proffered 'corroborating circumstances' must be strong, not merely allowable." *United States v. Salvador,* 820 F.2d 558, 561 (2d Cir. 1987). Here, Wieboldt did not deny that she made the statement, nor did she testify that she never had a contact called Connect. *See* Tr. 798. The overdose itself is corroboration of the circumstances. Further her testimony that she purchased narcotics from multiple persons corroborates the statement.

LAW OFFICES OF
**NATALI J.H. TODD, P.C.**

---

      In short, admitting to the police that she purchased, possessed, and consumed drugs provided by a contact known as "Connect" was plainly an admission against interest and the statement is admissible under Rule 804(b)(2)(3).

      Respectfully,

      s/
      Natali Todd
      Cody Warner
      Attorneys for Oneil Allen

      s/
      Gary Schoer
      Michael Vitaliano
      Attorneys for Keith Wyche

cc:    All counsel of record (by ECF)