UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

UNITED STATES OF AMERICA,     :

     :

   -against-     :      **JURY CHARGE**

     :      **18-cr-561 (DLI)**

KEITH WYCHE AND ONEIL ALLEN,     :

     :

     Defendants.     :

------------------------------------------------------x

**DORA L.  IRIZARRY, United States District Judge:**

Now that the evidence in this case has been presented and the attorneys for the government and the defendants have concluded their closing arguments, it is my responsibility to instruct you as to the law that governs this case.  My instructions will be in three parts:

<u>First</u>:     I will instruct you regarding the general rules that define and govern the duties of a jury in a criminal case;

<u>Second</u>:     I will instruct you as to the legal elements of the crimes charged in the indictment, that is, the specific elements that the government must prove beyond a reasonable doubt to warrant a finding of guilt as to each count; and

<u>Third</u>:     I will give you some general rules regarding your deliberations.

## PART ONE

### 1.   The Duties of the Jury

To begin with, it is your duty to find the facts from all the evidence in this case.  You are the sole judges of the facts.  Therefore, it is for you and you alone to pass upon the weight of the evidence, resolve such conflicts as may have appeared in the evidence, and draw such inferences as you deem to be reasonable and warranted from the evidence or lack of evidence in this case.

With respect to any question concerning the facts, it is your recollection of the evidence that controls, not the Court's nor that of the attorneys.

### 2.   The Role of the Court

You must apply the law in accordance with my instructions to the facts as you find them.  While the attorneys may have commented on some of these legal rules, you must be guided only by what I instruct you about them.  You must follow all the rules as I explain them to you.  You may not follow some rules and ignore others.  Even if you disagree with or dislike the rules of law or do not understand the reasons for some of the rules, it is your duty to follow them.  You must decide this case on the credible evidence presented regardless of your personal opinions and without any bias, prejudice, or sympathy.

**3.**   **Parties Are Equal Before the Court**

The fact that the prosecution is brought in the name of the United States Government does not entitle the United States to any greater consideration than the defendants.  By the same token, the United States is entitled to no less consideration.  All parties—the United States and the defendants—are equal before this Court and are entitled to equal consideration.  Neither the government nor the defendants are entitled to any sympathy or favor.

**4.**   **The Indictment is Not Evidence**

The indictment that was filed against the defendants is the means by which the government gives the defendants notice of the charges against them and brings them before the Court.  The indictment is an accusation, and nothing more.  The indictment is not evidence and you are to give it no weight in arriving at your verdict.

**5.**   **Presumption of Innocence**

The defendants, in response to the indictment, pled "not guilty."  They are presumed to be innocent until you, the jury, unanimously find that their guilt has been proven by the government beyond a reasonable doubt, and that presumption alone, unless overcome, is sufficient to acquit them.  The defendants are presumed to be innocent unless you, the jury, after a careful and impartial consideration of all the credible evidence or lack of credible evidence in the case, in the context of the law as I give it to you, unanimously decide that the government has proven their

guilt beyond a reasonable doubt.  If the government fails to sustain its burden of proof, you must find the defendants not guilty.  I remind you that the defendants are on trial only for the crimes with which they are charged in the indictment and not for anything else. You also are instructed that you must reach a separate verdict as to each defendant.

## 6.    Burden of Proof on the Government

As the law presumes the defendants to be innocent, the burden of proving their guilt beyond a reasonable doubt rests entirely on the government throughout the trial and it never shifts to the defendants.  The defendants never have the burden of proving their innocence or of producing any evidence at all.

## 7.    Defendant's Evidence at Trial

In a criminal case, a defendant is not obligated to testify or offer any evidence on his own behalf.  The defendants did not testify on their own behalves in this case. It is the government's burden to prove each the defendant's guilt beyond a reasonable doubt.  That burden remains with the government and never shifts to the defendants.  You may not attach any significance to the fact that the defendants did not testify or speculate as to why they did not.  Under the Constitution, a defendant in a criminal case is not obligated to testify.  You may not draw an inference of guilt from their exercise of their constitutional right to remain silent.  You must not

consider this against the defendants in any way during the course of your deliberations.

The defendants presented evidence on their behalves.  The fact that they did so does not shift the burden of proof to the defendants.  The burden of proof remains with the government at all times.

**8.    Proof Beyond a Reasonable Doubt**

The government must prove each element of the crimes charged against the defendants beyond a reasonable doubt.  I will explain the elements of the crimes charged in the indictment later, but now I shall address the phrase "reasonable doubt."

A reasonable doubt is a doubt based on reason and common sense, and upon careful consideration of all the evidence or lack of evidence in this case.  However, a reasonable doubt is not a doubt that arises out of whim or speculation.  Proof beyond a reasonable doubt does not mean proof beyond all doubt.  The government is not required to prove the defendants' guilt to a mathematical certainty.  Nor is a reasonable doubt an excuse to avoid performing an unpleasant duty.  Also, a doubt of guilt is not reasonable if it is based merely on sympathy for a defendant, bias, prejudice, or on any similar improper consideration.

If, after a fair and impartial consideration of all the evidence or lack of evidence, you can honestly say that you have such a doubt as would cause prudent

persons to hesitate to act in matters of importance in their own lives, then you have a reasonable doubt and, in that event, you must find the defendants not guilty.

If, on the other hand, after a fair and impartial consideration of all the evidence or lack of evidence, you can honestly say that you have such an abiding belief in the defendants' guilt that you would be willing to act upon a similarly strong conviction in important matters in your own lives, then you do not have a reasonable doubt and, in that circumstance, you must find the defendants guilty.

## 9.  __Consider Each Defendant Separately__

Although the defendants have been tried together, you must consider the guilt or non-guilt of each defendant separately, as guilt is personal and individual.  In most counts, the defendants are charged together.  In one count, only one of the defendants is charged separately with a different crime.

As a matter of law, you must consider each count of the indictment and each defendant's involvement in that count separately, and you must return a separate, unanimous verdict as to each defendant for each count in which he is charged.  As to each count, your verdict must be based solely upon the credible evidence or lack of credible evidence presented about each defendant charged in that count.  Indeed, some of the evidence in this case was limited to one defendant.  Let me emphasize that any evidence admitted solely against one defendant must be considered only against that defendant and must not, in any respect, enter into your deliberations on

the other defendant.  The fact that you may find one defendant guilty or not guilty as to any count should not control your verdict as to the other defendant or counts.

**10.    The Evidence**

I now will instruct you as to what evidence is and how you should consider it.

**A.    What Is Evidence:**

The evidence upon which you are to decide the facts comes in several forms:

1)    Sworn testimony of witnesses, both on direct and cross-examination;

2)    Exhibits that have been received by the Court in evidence; and

3)    Facts to which all the attorneys have agreed or stipulated.

If evidence was received for a limited purpose, you must consider that evidence for that limited purpose only.

**B.    What Is Not Evidence:**

Certain things are not evidence and are to be disregarded by you in deciding what the facts are:

1)    The indictment is not evidence.

2)    Arguments or statements by the attorneys are not evidence.

3)    Objections to questions or to offered exhibits are not evidence. Attorneys have a duty to object when they believe evidence should not be received.  You should not be influenced by the objection or by the Court's ruling on it.  If the objection was sustained, ignore the question.

7

If the objection was overruled, treat the answer like any other answer. The jury should not draw any inferences from any of my rulings on objections.

4)     Questions in and of themselves are not evidence—it is the question together with the answer that constitutes evidence.

5)     Any testimony stricken by the Court is not evidence.

6)     Any exhibits identified, but not admitted into evidence by the Court, are not evidence.

7)     Anything you may have seen or heard outside the courtroom is not evidence.

8)     During the course of the trial, I may have questioned witnesses.  I also may have had limited colloquy, debate, and argument with the attorneys.  The jury should not draw any inferences from observing these interactions.  They were conducted in a non-partisan fashion for the sole purpose of ensuring the orderly and clear presentation of evidence to the jury.  Exchanges between the Court and counsel do not constitute evidence and must be disregarded by you.  You should not hold any such exchange against either party.  You are not to consider anything I have said during this trial, or anything that I may have said

or will say during the course of this charge, as indicative that I may have any opinion on this case, one way or another, because I do not.

In reaching your decision as to whether the government sustained its burden of proof, it is improper for you to consider any personal feelings you may have about the defendants' race, religion, national origin, ethnic background, sex, or age. All persons are entitled to the presumption of innocence and the government has the same burden of proof.

I further instruct you that it would be equally improper for you to allow any feelings you might have about the nature of the crimes charged to interfere with your decision making process.

Your verdict must be based exclusively upon the evidence or the lack of evidence in the case.

**C.     Direct and Circumstantial Evidence:**

I told you that evidence comes in various forms such as the sworn testimony of witnesses, exhibits, and stipulations. There are, in addition, different kinds of evidence—direct and circumstantial.

1)     **DIRECT EVIDENCE** is the communication of a fact by a witness who testifies to the knowledge of that fact as having been obtained through one of the five senses. For example, a witness who testifies to knowledge of a fact based on

things he saw, heard, smelled, tasted, or touched is giving direct evidence.  What remains is your responsibility to pass upon the credibility of that witness.

2) **CIRCUMSTANTIAL EVIDENCE** is evidence that tends to prove a fact in issue by proof of other facts from which the fact in issue may be inferred.

The word "infer" or the expression "to draw an inference" means to find that a fact exists from proof of another fact.  For example, if a fact in issue is whether it is raining at the moment, no one here can testify directly to that fact, sitting as we are in this courtroom with the window blinds drawn.  Assume, however, that, as we are sitting here, a person walks into the courtroom wearing a raincoat that is dripping wet and carrying an umbrella dripping water.  Based on these observations, we may infer that it is raining outside.  In other words, the fact of rain is an inference that could be drawn from the wet raincoat and the dripping umbrella.  You may draw an inference only if it is logical and reasonable to do so.  In deciding whether to draw an inference, you must look at and consider all the facts in the light of reason, common sense, and experience.

The government asks you to draw one set of inferences, while the defendants ask you to draw another.  Whether a given inference is or is not to be drawn is entirely a matter for you, the jury, to decide.  Please bear in mind, however, that an inference is not to be drawn by guesswork or speculation.  An inference is a deduction or conclusion that you, the jury, are permitted to draw—but are not

required to draw—from the facts you find have been established by either direct or circumstantial evidence.  In drawing inferences, you should exercise your common sense in light of reason and your experience.

I remind you once again that you may not find the defendants guilty unless you are satisfied of their guilt beyond a reasonable doubt, whether based on direct evidence, circumstantial evidence, or the logical inferences to be drawn from such evidence.  Circumstantial evidence does not necessarily prove less than direct evidence, nor does it necessarily prove more.  You are to consider all the evidence in the case, direct and circumstantial, in determining what the facts are and in arriving at your verdict.

## 11.   **Stipulation**

The evidence in this case includes facts to which the parties have agreed or stipulated.  A stipulation means simply that the government and the defendants accept the truth of a particular proposition or fact. As there is no disagreement, there is no need for evidence apart from the stipulation.  You must accept the parties' stipulations as evidence and regard the agreed upon facts as true.  As with all evidence, you may give the stipulations whatever weight you choose.

## 12.   **Deciding What to Believe**

In deciding what the facts are, you must decide which testimony to believe and which testimony not to believe using your common sense, good judgment and

experience.  In making that decision, there are a number of factors you may take into account, including the following:

A.   Did the witness impress you as honest?   You may consider the demeanor of the witness on the stand and his or her manner of testifying.

B.   Did the witness have any particular reason not to tell the truth?

C.   Did the witness have a personal interest in the outcome of the case?

D.   Did the witness seem to have a good memory?  People sometimes forget things.  A contradiction may be an innocent lapse of memory or it may be an intentional falsehood.

E.   Did the witness have the opportunity and ability to observe accurately the things he or she testified about?

F.   Did the witness appear to understand the questions clearly and answer them directly?

G.   Did the testimony of that particular witness differ from that of other witnesses?  You may consider the factual probability or improbability of the statements of each witness, when viewed in light of all of the other evidence in the case.

H.   Was the testimony logical?

**I.**     Did the witness have sufficient training and/or experience in the area about which she or he testified?

Different people observing an event may remember it differently, and, therefore, may testify about it differently.  If it appears that there are discrepancies in the evidence, you will have to consider whether any apparent discrepancies may be reconciled.  If, however, that is not possible, then you must decide which testimony, if any, you will accept.  Consider, therefore, whether it has to do with an important fact, or only a small detail.  Should you, in the course of your deliberations, find that any witness has testified falsely as to any material fact, you may disregard the entire testimony of that witness or you may, if you wish, give credence to so much of the testimony as you believe to be true, and reject only the part that you conclude is false.  That is entirely for you to determine.

## 13.   **Witness Drug Use**

The government called as a witness Sarah Wieboldt who testified that she was using drugs when certain events she observed took place. I instruct you that there is nothing improper about calling such a witness to testify about events within her personal knowledge.  On the other hand, her testimony must be examined with greater scrutiny than the testimony of any other witness.  The testimony of a witness who was using drugs at the time of the events in question or at the time the testimony is given may be less believable because of the effect the drugs may have had or may

13

have on her ability to perceive or relate the events question.  If you accept her testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

**14.   Interviewed Witnesses**

You heard testimony that the attorneys interviewed witnesses before they testified.  You must not draw any unfavorable inference from the mere fact that they did so.  Attorneys have an obligation to prepare their case as thoroughly as possible, which includes interviewing potential witnesses, both prior to and during trial.  The witnesses also have a right to review any notes or memoranda they prepared, along with any previous testimony they gave concerning this case.

Both the government and the defense have the same power to subpoena witnesses to testify on their own behalves.  However, you should remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

**15.   Prior Inconsistent Statements**

You heard evidence that, before testifying at this trial, some witnesses made a statement or statements concerning the same subject matter as their testimony in this trial.  You may consider the earlier statement or statements to help you decide how much of those witnesses' testimony to believe.  If you find that the prior statement or statements was or were not consistent with the testimony of the

particular witness at this trial, then you should decide whether that affects the believability of that witness' testimony at this trial.  I also instruct you that a prior statement, if you find that, in fact, it was made, is not evidence that the statement is true.  You may consider the prior consistency or inconsistency only as bearing on the weight or credibility that you wish to give the testimony that the witness presented in this trial.

**16.**   **Law Enforcement Witnesses**

You heard testimony from several witnesses employed by law enforcement agencies, including Richard Busick,   Jason Frederick, Traveis Guy,   Alfred Hernandez, Raul Irizarry, Carie Jeleniewski, Dominick Libretti, Stephen Napolitano, , Arthur Truscelli, and Philip Vaccarino.  The fact that a witness acted in a law enforcement capacity does not mean that her or his testimony is deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.  It is for you to decide, after weighing all the evidence, in light of the instructions I have given you about factors relevant to determining the credibility of any witness, whether you accept the testimony of a law enforcement witness and what weight, if any, it deserves.

**17.**   **Expert Witness**

You heard what has been characterized as expert witness testimony from:

a.      Alfred Hernandez, who was qualified as an expert in the field of drug trafficking characteristics, value, packaging and distribution;

b.      Dr. Stephen deRoux, who was qualified as an expert in the field of forensic pathology;

c.      Dr. Melissa Pasquale-Styles, who was qualified as an expert in the field of forensic pathology;

d.      Criminalist Rachel Lauth, who was qualified as an expert in the field of chemical analysis of controlled substances, specifically fentanyl and cocaine;

e.      FBI Special Agent Richard Busick, who was qualified as an expert in the field of cell site data and location analysis for cell phones; and

f.      Dr. Cyril Wecht, who was qualified as an expert in the field of forensic pathology.

If scientific, technical, or other specialized knowledge will help the jury understand the evidence or decide a disputed fact, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about such evidence or facts in issue in the form of an opinion.

The rules of evidence ordinarily do not permit witnesses to testify to opinions or conclusions.  An exception to this rule exists for those qualified as expert witnesses, who may state their opinions and the reasons for them.  You should

consider the expert opinions received in this case and give them such weight as you think they deserve.  If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or that the reasons given in support of the opinion are not sound, or that the opinion is outweighed by other evidence, you may disregard the opinion entirely.

In short, an expert witness is, in all other respects, the same as any other witness.  You should consider the witness' qualifications, experience, interest in the outcome of the case, if any, demeanor, and all the other factors you have been instructed to consider in assessing the credibility of a witness.  You may give expert testimony whatever weight, if any, you find it deserves in light of all the other evidence before you.  However, you should not accept the testimony of a witness merely because the witness is an expert in a field or merely because I allowed the witness to testify concerning her or his opinion.  Nor should you substitute it for your own reason, judgment, and common sense.  The determination of the facts in this case rests solely on you.

## 18.   <u>**Government Informant Testimony**</u>

There has been evidence introduced at trial that the government used informants during the investigation of this case, including Sarah Wieboldt who testified before you.  I instruct you that there is nothing improper in the government's use of informants and, indeed, certain criminal conduct never

would be detected without the use of informants. You, therefore, should not concern yourselves with how you personally feel about the use of informants. Put another way, your concern is to decide whether the government has proven the guilt of each defendant beyond a reasonable doubt, regardless of whether evidence was obtained by the use of an informant.

On the other hand, when an informant testifies, as Ms. Wieboldt did here, her testimony must be examined with greater scrutiny than the testimony of an ordinary witness. You should consider whether she received any benefits or promises from the government that would motivate her to testify falsely against the defendants. For example, she may believe that she will only continue to receive these benefits if she produces evidence of criminal conduct.  If you decide to accept her testimony, after considering it in light of all the evidence in this case, then you may give it whatever weight, if any, you find it deserves.

## 19.   **Mere Association Is Not Enough**

You may not infer that a defendant is guilty of participating in any criminal conduct merely from the fact that he is associated with other people who were guilty of wrongdoing.

## 20.   **No Speculation about Uncharged Persons**

You heard evidence about the involvement of certain other people in the events referred to in the indictment.  You may not draw any inference, favorable or

unfavorable, towards the government or the defendants from the fact that certain persons are not on trial before you.  The fact that these individuals are not on trial before you is not your concern and must play no part in your deliberations.  You must not speculate as to the reason why these people are not present at this trial. Your concern is solely the defendants on trial before you.

Whether a person should be indicted as a defendant is a matter within the sole discretion of the United States Attorney and the grand jury.  Therefore, you may not consider it in any way in reaching your verdict as to the defendants on trial.

## 21.   Uncalled Witness Equally Available

There are several persons whose names you have heard during the course of the trial who did not appear here to testify, and one or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

However, you also should remember my instruction that the law does not impose on a defendant in a criminal case the burden or duty of calling any witness or producing any evidence.

**22.**   **Photographs, Diagrams, and Maps**

Among the exhibits in this case were photographs, diagrams, and maps received in evidence to assist you in evaluating the testimony relating to the location, scenes, or objects depicted therein.  You are the sole judges of the accuracy of the photographs, diagrams, and maps and you are the sole judges of the weight to be given to them.  You may consider the factors I have just discussed with you in deciding how much weight to give to the evidence presented.

**23.**   **Charts, Slides, and Summaries**

Certain charts, slides, and summaries were shown to you in order to make other evidence more meaningful and to aid you in considering the evidence.  They are no better than the testimony or the documents upon which they are based and are not themselves independent evidence. Therefore, you are to give no greater consideration to these charts, slides, and summaries than you would give to the evidence upon which they are based.

**24.**   **Use of Evidence Obtained Pursuant to Search**

You have heard testimony about evidence that was obtained as the result of searches conducted of 801 Manor Road, Apartment 2C in Staten Island, New York, 1 John F. Kennedy Boulevard, Unit 39E in Somerset, New Jersey, a Jeep sports utility vehicle, an Infiniti sedan, a Lexus sedan, and five cell phones.  Evidence obtained from these searches was admitted properly in this case and may be

considered by you.  Whether you approve or disapprove of how it was obtained should not enter into your deliberations.  I instruct you that the government's use of this evidence is entirely lawful.  Law enforcement techniques are not your concern, and should not enter into your deliberations in any way.

## 25.    **Approximate Dates**

The indictment charges that conduct occurred "in or about," or "on or about" certain dates. The proof need not establish with certainty the exact date of an alleged offense.  It is sufficient if the evidence establishes beyond a reasonable doubt that an offense was committed on a date reasonably near the dates alleged.

## 26.    **All Available Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present during any event or at any time or place involved in the case, or who may appear to have some knowledge of the matter in issue at this trial.  Nor does the law require any party to produce as exhibits all papers and things mentioned during the course of the trial.  Please remember, as I previously instructed you, the defendants are presumed innocent and have no duty to present any evidence at all since the burden of proving the defendants' guilt beyond a reasonable doubt always rests with the government.

**27.**   **Particular Investigative Techniques Not Required**

There is no legal requirement that the government prove its case by any particular means.  While you must carefully consider the evidence adduced by the government, you are not to speculate as to why they used the methods they did use or why they did not use others.  Your sole duty is to determine whether or not, based upon the admissible and credible evidence presented, or lack of evidence in the case, the defendants' guilt of the crimes charged has been proven by the government beyond a reasonable doubt.

**28.**   **No Investigation**

In reaching a decision, you are to rely solely on the testimony of the witnesses, stipulations, and the physical evidence admitted at trial.  You are not to do any investigation on your own in any manner whatsoever.  This means that, among other things, you must not conduct any research whatsoever on the Internet or any other media, including, but not limited to, print media or through the use of electronic devices.

**####**

**[Rest of Page Intentionally Left Blank]**

## PART TWO

I now turn to the second part of this charge. I will instruct you as to the legal elements of each of the crimes charged in the indictment, which the government must prove beyond a reasonable doubt. The indictment in this case contains four separate counts, and you will be called upon to render a separate verdict as to each defendant on each count as it pertains to the particular defendant. In sum, the indictment charges both defendants with one count of conspiracy to distribute and possess with intent to distribute heroin and fentanyl, one count of distribution of and possession with the intent to distribute heroin and fentanyl, and one count of distribution of heroin that resulted in serious bodily injury to another. The indictment also charges only Keith Wyche, but not Oneil Allen, with one count of distribution of fentanyl that resulted the death of another. Shortly, I will explain to you in detail the elements of these crimes, which the government must prove beyond a reasonable doubt as to each defendant. As certain definitions apply to all or some of the counts, I will define those up front for you.

## I.   Knowingly and Intentionally Defined

In these instructions, I will use the words "knowingly" and "intentionally." As a general rule, the law holds persons accountable only for conduct in which they intentionally engage. Thus, before you can find a defendant guilty, you must be

satisfied that he was acting knowingly and intentionally.  I will now define the terms "knowingly" and "intentionally."

### A.    Knowingly

Certain allegations in the indictment require that the government prove beyond a reasonable doubt that the defendants acted knowingly in order to sustain its burden of proof.  A person acts "knowingly" if he or she acts purposefully and voluntarily and not because of ignorance, mistake, accident, or carelessness. Whether a defendant acted "knowingly" may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

### B.    Intentionally

Certain allegations in the indictment require that the government prove beyond a reasonable doubt that the defendants acted intentionally in order to sustain its burden of proof.  Before you can find that a defendant acted "intentionally," you must be satisfied beyond a reasonable doubt that the defendant acted deliberately and purposefully.  A defendant need not have been aware of the specific law or rule that his conduct may have violated, but his acts must not have been the product of a mistake or accident.

These issues of knowledge and intent require you to make a determination about the defendants' states of mind, something that rarely can be proven directly. However, a wise and careful consideration of all the circumstances of the case may

permit you to make such a determination as to the defendants' states of mind. Indeed, in your everyday affairs, you frequently are called upon to determine a person's state of mind from his words and actions in a given circumstance. You are asked to do the same here.

## II.   Definitions Relating to All Counts

Certain definitions apply to all counts of the indictment. These include the words "controlled substance," "possession," and "distribute" or "distribution." I will define them for you now.

### A.   Controlled Substance

As a matter of law, heroin is a Schedule I controlled substance and fentanyl is a Schedule II controlled substance. The government may prove that a material is a controlled substance through either direct evidence or circumstantial evidence. An example of direct evidence is the testimony of a chemist who has done a chemical analysis of the material. Circumstantial evidence would be evidence from which you could infer that the material was heroin or fentanyl, such as testimony about the material's appearance. Whether the government relies on direct or circumstantial evidence to prove that the material in issue was heroin or fentanyl, it must prove so beyond a reasonable doubt.

## B.      Possession

The legal concept of possession may differ from the everyday usage of the term, so I will explain this to you.

Actual possession is what most of us think of as possession; that is, having physical custody or control of an object.  However, a person need not have actual physical custody of an object in order to be in legal possession of it.  In order to "possess" a substance, a person need not own it.  The person may be in possession of it for someone else.

This encompasses two kinds of possession:   actual possession and constructive possession.  A person who knowingly has direct physical control over a thing at a given time is then in actual possession of it.  A person who, although not in actual possession, knowingly had both the power and the intention at a given time to exercise dominion or control over a thing, either directly or through another person or persons, is in constructive possession of it.  Either one suffices.

## C.      Distribute or Distribution

The word "distribute" means the actual, constructive, or attempted transfer or delivery of a controlled substance.  Distribution includes delivering, passing, or handing over something to another person, or causing something to be delivered, passed on, or handed over to another person.  Distribution does not require sale or an exchange of currency.

### III.   Count One: Conspiracy to Distribute and Possess with Intent to Distribute Heroin and Fentanyl

Count One of the indictment charges the defendants with conspiracy to distribute and possess with intent to distribute one or more controlled substances, here, heroin and fentanyl.

**Count One** in the indictment charges the defendants as follows:

> In or about and between February 2017 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH WYCHE, also known as "Marco," [and] ONEIL ALLEN, also known as "James,". . . together with others, did knowingly and intentionally conspire to distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing heroin, a Schedule I controlled substance, and (b) a substance containing N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II controlled substance, contrary to Title 21, United States Code, Section 84l(a)(l).  (Title 21, United States Code, Sections 846 and 841(b)(l)(C); Title 18, United States Code, Sections 3551 et seq.)

I first will define certain general principles applicable to the law of conspiracy and then set forth the specific elements that the government must prove beyond a reasonable doubt as to Count One.

#### A.   Federal Law of Conspiracy

Count One of the indictment charges the defendants with having been a member of a conspiracy to violate certain federal laws.  A conspiracy is a kind of criminal partnership, at the heart of which is an agreement or understanding by two or more persons to violate other laws.  A conspiracy to commit a crime is an entirely

separate and different offense from the underlying federal crime that the conspirators intended to commit, which the law refers to as the "substantive crime."  Thus, if a conspiracy exists, it still is punishable as a crime, even if it should fail to achieve its purpose.  That means a defendant may be found guilty of conspiracy even if he was incapable of committing the substantive crime or even if the substantive crime actually was not committed.  Consequently, for a defendant to be guilty of conspiracy, there is no need for the government to prove that he or any other conspirator actually succeeded in their criminal goals.

The following are the elements of conspiracy, both of which the government must prove beyond a reasonable doubt for a defendant to be found guilty of Count One:

<u>First</u>, that two or more persons entered into the charged agreement; and

<u>Second</u>, that the defendant knowingly and intentionally became a member of the conspiracy.

Let me discuss these in more detail with you.

### 1)      Existence of the Agreement

The first element that the government must prove beyond a reasonable doubt for Count One is that two or more persons entered into the charged agreement, that is, to distribute and possess with the intent to distribute a controlled substance, here, heroin and fentanyl.  One person cannot commit a conspiracy alone.  Rather, the

proof must convince you that at least two persons joined together in a common criminal scheme.  The government need not prove that members of the conspiracy met together or entered into any express or formal agreement.  You need not find that the alleged conspirators stated, in words or writing, what was the scheme or its object or purpose, or the means by which the scheme was to be accomplished.  It is sufficient to show that the conspirators tacitly came to a mutual understanding to accomplish an unlawful act by means of a joint plan or common design.

Of course, you may find that the existence of an agreement between two or more persons to violate the law has been established by direct proof.  However, since a conspiracy, by its very nature, is characterized by secrecy, direct proof may not be available.  Therefore, you may infer the existence of a conspiracy from the circumstances of this case and the conduct of the parties involved.  In a very real sense, then, in the context of conspiracy cases, actions often speak louder than words.  In determining whether an agreement existed here, you may consider the acts, conduct, and statements of all those you find to be participants as proof that a common design existed to act together for the accomplishment of the unlawful purpose stated in the indictment.

### 2)   Membership in the Conspiracy

If you are satisfied that the charged conspiracy existed, the second element the government must prove beyond a reasonable doubt for Count One is that the

defendant knowingly and intentionally became a member of the charged conspiracy. I have explained to you what it means to act knowingly and intentionally.  In sum, a person acts knowingly and intentionally if he acts voluntarily, deliberately, and purposefully, and not because of ignorance, mistake, accident, or carelessness.  In other words, did the defendant participate in the conspiracy with knowledge of its unlawful purpose and with the specific intention of furthering its business or objectives?  Knowledge and intent may be inferred from a secretive or irregular manner in which activities are carried out.  Whether a defendant acted knowingly may be proven by the defendant's conduct and by all of the facts and circumstances surrounding the case.

In order for the defendant to be deemed a member of a conspiracy, he need not have had a stake in the venture or its outcome.  While proof of a financial or other interest in the outcome of a scheme is not essential, if you find that the defendant did have such an interest, it is a factor you properly may consider in determining whether or not the defendant was a member of the conspiracy charged in the indictment.

A defendant's participation in the conspiracy must be established by independent evidence of the defendant's own acts or statements, as well as those of the other alleged co-conspirators, and the reasonable inferences that may be drawn from them.

A defendant's knowledge may be inferred from the facts proven.  In that connection, I instruct you that, to become a member of the conspiracy, a defendant need not have known the identities of each and every other member, nor need he have been apprised of all of their activities.  Moreover, a defendant need not have been informed fully as to all of the details or the scope of the conspiracy in order to justify an inference of knowledge on his part.  In addition, a defendant need not have joined in all of the conspiracy's unlawful objectives.

The extent of a defendant's participation in a conspiracy has no bearing on the issue of the defendant's guilt of the crime charged.  A conspirator's liability is not measured by the extent or duration of his participation, as he need not have been a member of the conspiracy for the entire time of its existence.  In addition, each member may perform separate and distinct acts and may perform them at different times.  Some conspirators play major roles, while others play minor parts in the scheme.  An equal role is not what the law requires.  Even a single act may be sufficient to draw a defendant within the ambit of the conspiracy.  The key inquiry is simply whether a defendant joined the conspiracy charged with an awareness of at least some of the basic aims and purposes of the unlawful agreement and with the intent to help it succeed.

I caution you, however, that a defendant's mere presence at the scene of an alleged crime does not, by itself, make him a member of the conspiracy.  This is true

31

even if the person knows that a crime is being committed.  Similarly, mere association with one or more members of the conspiracy does not automatically make a defendant a member of the conspiracy.  A person may know or be friendly with a criminal without being a criminal himself.  Indeed, a person may be a criminal without being a member of the charged conspiracy.  Mere similarity of conduct or the fact that they may have assembled together and discussed common aims and interests does not necessarily establish membership in the conspiracy.

I further caution you that mere knowledge or acquiescence, without participation, in the unlawful plan is not sufficient.  The fact that the acts of a defendant, without knowledge, merely happen to further the purposes or objectives of the conspiracy, does not make a defendant a member.  More is required under the law.  What is required is that a defendant must have participated with knowledge of at least some of the purposes or objectives of the conspiracy and with the intention of aiding in the accomplishment of those unlawful ends.  In sum, a defendant, with an understanding of the unlawful character of the conspiracy, must have intentionally engaged, advised, or assisted in it for the purpose of furthering the illegal undertaking.

**B.      Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances**

I now turn back to Count One of the indictment, which charges that the defendants, together with others, conspired to distribute and possess with the intent to distribute one or more controlled substances, here a substance containing heroin or fentanyl or both.

Title 21, United States Code, Section 841(a) makes it a crime for any person to distribute or to possess with the intent to distribute a controlled substance. Title 21, United States Code, Section 846 makes it a crime for any person to conspire to commit the crime defined by Section 841(a), that is, the crime of distributing or possessing with the intent to distribute a controlled substance. I instruct you that, as a matter of law, heroin and fentanyl are both controlled substances within the meaning of the applicable statutes.

The general principles applicable to the federal law of conspiracy that I just instructed you on apply here.

In sum, in order to prove the crime of conspiracy charged in Count One of the indictment:

First, the government must prove beyond a reasonable doubt that two or more persons entered into an agreement to achieve an unlawful object, in this case, to distribute or possess with the intent to distribute one or more controlled substances, which offense involved a substance containing heroin or fentanyl or both; and

33

<u>Second</u>, the government must prove beyond a reasonable doubt that the defendant knowingly and intentionally became a member of the conspiracy.

Keep in mind that the government need not prove that the defendants actually committed the unlawful act charged as the object of the conspiracy in Count One. Rather, what the government must prove is that the purpose of the conspiracy was to commit the unlawful act charged and that the defendants knowingly and intentionally joined that conspiracy. For this Count, the government has asserted that the defendants were involved in a conspiracy to distribute and possess with the intent to distribute one or more controlled substances, to wit, heroin or fentanyl or both.

Distribution and possession with intent to distribute each have several elements and their own definitions under the law. Distribution of and possession with intent to distribute a controlled substance are two different things. It is not necessary for the government to prove that a defendant conspired to commit both of these unlawful acts. If you find that the government has proven beyond a reasonable doubt that a defendant conspired to commit either one of these unlawful acts, you must find that defendant guilty of the conspiracy charged in the indictment. Your decision as to which act the defendant conspired to commit must be unanimous. However, if you find that the government has not proven beyond a reasonable doubt

that a defendant did conspire to commit either one of these unlawful acts, you must find the defendant not guilty of the conspiracy charged in the indictment.

I now will describe for you the elements of distribution and possession with intent to distribute a controlled substance, but only so you can understand them in the context of the charged conspiracy.

### 1)  Distribution

The elements of the crime of distribution of a controlled substance are:

(a) that a defendant possessed a controlled substance; and

(b) that the defendant possessed the controlled substance knowingly and intentionally; and

(c) that the defendant actually distributed the controlled substance.

I already explained what it means to act knowingly and intentionally, and to "distribute."  Those same instructions apply here.

### 2)  Possession with Intent to Distribute

The elements of the crime of possession with intent to distribute a controlled substance are:

(a) that a defendant possessed a controlled substance, here, heroin or fentanyl or both; and

(b)  that the defendant possessed the controlled substance

knowingly and intentionally; and

(c)  that the defendant possessed the controlled substance with

the intent to distribute it.

As I previously instructed you, to do something knowingly means to act voluntarily and purposefully and not because of ignorance, carelessness, mistake, or accident.  To act intentionally means to act deliberately and purposefully.  A person need not have known the exact type of the drugs he was attempting to possess.  He need not have known it was heroin or fentanyl or both, as opposed to some other substance.  It is enough that the person knew he was attempting to possess some kind of controlled substance.

Possession with intent to distribute does not require that the government prove that a defendant actually did distribute the controlled substance, only that he possessed the controlled substance with the intent to do so.

In summary, with respect to Count One, if you find that the government has not proven beyond a reasonable doubt any one or none of the following two elements:

First, that two or more persons entered into an agreement to distribute or possess with intent to distribute one or more controlled substances, to wit, heroin or fentanyl or both; and

36

Second, that the defendants each knowingly and intentionally became a member in the charged conspiracy, then you must find the defendants not guilty under Count One.

On the other hand, if you find that the government has proven all of these elements beyond a reasonable doubt, then you must find the defendants guilty.

Again, I remind you that this Count does not charge defendants with actually distributing or actually possessing with the intent to distribute a controlled substance, but rather with conspiring to do so.

I also remind you that you must determine the guilt or non-guilt of each defendant separately.  As such, as to each defendant, individually, if you find that the government has proven each one of the two elements in Count One beyond a reasonable doubt, you must find that defendant guilty.  On the other hand, if you find that the government has not proven any one or both of these two elements as to a defendant, then you must find that defendant not guilty.

## IV.   Count Two: Distribution of and Possession with Intent to Distribute Heroin and Fentanyl

Count Two of the indictment charges the defendants with distribution of and possession with the intent to distribute one or more controlled substances, namely, heroin and fentanyl.

**Count Two** in the indictment charges the defendants as follows:

In or about and between February 2017 and September 2018, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants KEITH WYCHE, also known as "Marco," [and] ONEIL ALLEN, also known as "James,". . . together with others, did knowingly and intentionally distribute and possess with intent to distribute one or more controlled substances, which offense involved (a) a substance containing heroin, a Schedule I controlled substance, and (b) a substance containing fentanyl, a Schedule II controlled substance. (Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C); Title 18, United States Code, Sections 2 and 3551 et seq.)

In order to prove the charge in Count Two against a defendant, the government must establish beyond a reasonable doubt each one of the following three elements:

<u>First</u>, the government must prove beyond a reasonable doubt that the defendant did possess a controlled substance, specifically heroin or fentanyl or both; and

<u>Second</u>, the government must prove beyond a reasonable doubt that the defendant possessed a controlled substance, knowingly and intentionally; and

<u>Third</u>, the government must prove beyond a reasonable doubt that the defendant either (a) actually distributed the controlled substance or (b) possessed the controlled substance with the intent to distribute it.

I remind you that you must determine the guilt or non-guilt of each defendant separately.  As such, as to each defendant, individually, if you find that the government has proven all three of these elements of Count Two beyond a reasonable doubt, you must find that defendant guilty.  On the other hand, if you find

that the government has failed to prove any one or none of these three elements of Count Two beyond a reasonable doubt, then you must find that defendant not guilty.

I will explain each of these three elements to you in more detail.

### A.    First Element: Possession of Heroin and Fentanyl

The first element the government must prove beyond a reasonable doubt is that the defendant possessed a controlled substance, here, heroin or fentanyl or both. I already have instructed you on the definition of possession and that definition applies here.

### B.    Second Element: Knowing and Intentional Possession

The second element the government must prove beyond a reasonable doubt is that the defendant possessed a controlled substance knowingly and intentionally. I previously instructed you as to what it means to act knowingly and intentionally. Those definitions apply here. To do something knowingly means to act voluntarily and purposely and not because of ignorance, mistake, accident, or carelessness. To act intentionally means to act deliberately and purposefully. The government need not prove that the defendant knew the exact type of controlled substance he possessed. He need not have known it was heroin or fentanyl or both, as opposed to some other controlled substance. It is enough that the government proves that the defendant knew he possessed some kind of controlled substance.

### C.     Third Element: Distribution or Intent to Distribute

The third element the government must prove beyond a reasonable doubt is that the defendant either (a) actually distributed the controlled substance or (b) intended to distribute it.

#### 1.     Distribution

I previously defined what it means to "distribute."   That definition applies here and I need not repeat it.  However, I remind you that it is not the case that you must find that the defendant distributed or delivered the controlled substance personally.  It is sufficient if you find that the defendant caused or assisted in its distribution.

#### 2.     Possession with Intent to Distribute

As an alternative to proving that a defendant actually distributed a controlled substance, to satisfy the third element the government may prove that the defendant possessed the controlled substance with the intent to distribute it.  In considering whether a person possessed a controlled substance with the intent to distribute it, you essentially are considering whether the controlled substance in the defendant's possession was for his personal use or for the purpose of transferring it to others. The quantity and purity of drugs may be relevant to this determination.  For example, you may consider whether it would be highly unlikely that a person with a large quantity of a controlled substance would possess it for personal consumption.  The

possession of a large quantity of a controlled substance may mean that the person intended to distribute it, though it does not necessarily have to mean that.  If you find beyond a reasonable doubt that the defendant possessed a controlled substance, you should make your decision about whether or not the defendant intended to distribute the controlled substance in his possession from all the evidence presented.  Keep in mind, this does not mean that you must find that the defendant intended to distribute or deliver the controlled substance personally.  It is sufficient if you find that the defendant intended to cause or to assist in its distribution.

I remind you that, in order to prove a defendant guilty of the charge in Count Two, the government must prove beyond a reasonable doubt that a defendant either actually distributed a controlled substance or intended to distribute a controlled substance in his possession.  It need not prove both.  However, your decision as to which act the defendant committed must be unanimous.  I remind you that you must determine the guilt or non-guilt of each defendant separately.

As to Count Two, if you find that the government has proven all three elements as to each defendant beyond a reasonable doubt, then you must find each defendant guilty.  However, if you find that the government has not proven any one or none of the three elements beyond a reasonable doubt as to any defendant, then you must find that defendant not guilty.

41

## V.   Count Three: Distribution of Fentanyl Causing the Death of Vincent Price

Count Three of the indictment charges only Keith Wyche, but not Oneil Allen, with distribution of fentanyl that resulted in the death of another, specifically, Vincent Price.

**Count Three** in the indictment charges the defendant as follows:

On or about April 18, 2017, within the Eastern District of New York and elsewhere, the defendant KEITH WYCHE, also known as "Marco," did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing fentanyl, a Schedule II controlled substance, to Vincent Price, the use of which resulted in the death of Vincent Price. (Title 21, United States Code, Sections 84l(a)(l) and 84l(b)(l)(C); Title 18, United States Code, Sections 3551 *et seq.*)

In order to prove the charge in Count Three against defendant Wyche, the government must establish beyond a reasonable doubt each one of the following three elements:

First, that Wyche distributed a controlled substance to Vincent Price on or about April 18, 2017, specifically, a substance containing fentanyl; and

Second, that Wyche distributed a controlled substance, specifically a substance containing fentanyl, knowingly and intentionally; and

Third, that the controlled substance distributed by Wyche, specifically a substance containing fentanyl, resulted in the death of Vincent Price.

I previously instructed you on what it means to act knowingly and intentionally and on what it means to "distribute." Those instructions apply here and I need not repeat them.

In order to establish that the controlled substance distributed by the defendant resulted in the death of Vincent Price, the government must prove that Vincent Price died as a consequence of his use of the drug that the defendant distributed on or about April 18, 2017. This means that the government must prove beyond a reasonable doubt that the use by Vincent Price of the fentanyl that the defendant distributed was a but for cause of his death. The government is not required to prove that the defendant intended to cause the death of Vincent Price or that his death was foreseeable by the defendant or by others.

If you find that the government has not proven any one or all of these three elements of Count Three beyond a reasonable doubt, then you must find the defendant Keith Wyche not guilty. On the other hand, if you find that the government has proven all three of these elements of Count Three beyond a reasonable doubt, then you must find defendant Keith Wyche guilty.

## VI.   Count Four: Distribution of Heroin Causing Serious Bodily Injury to Sarah Wieboldt

Count Four of the indictment charges the defendants with distribution of heroin resulting in serious bodily injury to another, specifically, Sarah Wieboldt.

**Count Four** in the indictment charges the defendant as follows:

43

On or about October 27, 2017, within the Eastern District of New York and elsewhere, the defendants KEITH WYCHE, also known as "Marco," and ONEIL ALLEN, also known as "James," together with others, did knowingly and intentionally distribute a controlled substance, which offense involved a substance containing heroin, a Schedule I controlled substance, to Sarah Wieboldt, the use of which resulted in serious bodily injury to Sarah Wieboldt. (Title 21, United States Code, Sections 841(a)(l) and 841(b)(l)(C); Title 18, United States Code, Sections 2 and 3551 *et seq*.)

In order to prove the charge in Count Four against a defendant, the government must establish beyond a reasonable doubt each one of the following three elements:

<u>First</u>, that the defendant distributed a controlled substance to Sarah Wieboldt on or about October 27, 2017, specifically a substance containing heroin;

<u>Second</u>, that the defendant distributed a controlled substance to Sarah Wieboldt, specifically a substance containing heroin, knowingly and intentionally; and

<u>Third</u>, that the controlled substance distributed by the defendant resulted in the serious bodily injury of Sarah Wieboldt.

I previously instructed you on what it means to act knowingly and intentionally and what it means to "distribute." Those instructions apply here and I need not repeat them.

"Serious bodily injury" means an injury that involves a serious risk of death, protracted and obvious disfigurement, or a protracted loss or impairment of a physical or mental bodily function.

44

In order to establish that the controlled substance distributed by the defendants resulted in the serious bodily injury of Sarah Wieboldt, the government must prove beyond a reasonable doubt that Sarah Wieboldt suffered a serious bodily injury as a consequence of her use of the controlled substance, specifically heroin, that the defendants distributed on or about October 27, 2017.   This means that the government must prove beyond a reasonable doubt that Sarah Wieboldt's use of the heroin that the defendants distributed was a but for cause of Sarah Wieboldt suffering a serious bodily injury.  The government is not required to prove that the defendants intended to cause the serious bodily injury of Sarah Wieboldt or that the injury was foreseeable by the defendants or by others.

I remind you that you must determine the guilt or non-guilt of each defendant separately.   As such, as to each defendant, individually, if you find that the government has proven all three of the elements of Count Four beyond a reasonable doubt, then you must find that defendant guilty.  On the other hand, if you find that the government has not proven any one or all of these three elements of Count Four beyond a reasonable doubt as to a defendant, then you must find that defendant not guilty.

## VII.   <u>Aiding and Abetting</u>

As to both Counts Two and Four of the indictment, the defendants are charged under the aiding and abetting statute. A defendant may be convicted of committing

a crime if you find beyond a reasonable doubt that he aided and abetted or caused the commission of the crime.  Section 2 of Title 18 of the United States Code provides that:

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
>
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

As you can see, under the aiding and abetting statute, the first requirement is that you find that another person has committed the crime charged.  Obviously, no one can be convicted of aiding or abetting the criminal acts of another if no crime was committed by the other person in the first place.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of that crime.

It is not necessary for the government to show that the defendant himself physically committed the crime with which he is charged for the government to sustain its burden of proof.  A person who aids or abets, which means helps, another to commit an offense is just as guilty of that offense as if he committed it himself.

Accordingly, you must find the defendant guilty of the offense charged if, along with the other elements of the offense, you find beyond a reasonable doubt that the government has proven that another person actually committed the offense

46

with which the defendant is charged, and that the defendant aided or abetted that person in the commission of the offense.

In order to aid or abet another to commit a crime, it is necessary that the defendant knowingly associated himself in some way with the crime, and that he participated in the crime by doing some act to help make the crime succeed.

To establish that the defendant knowingly associated himself with the crime described in Count Two, the government must establish beyond a reasonable doubt that the defendant knew that a controlled substance, specifically heroin or fentanyl or both, was being distributed or being possessed with the intent to distribute.

To establish that the defendant knowingly associated himself with the crime described in Count Four, the government must establish beyond a reasonable doubt that the defendant knew that a controlled substance containing heroin was distributed to Sarah Wieboldt, the use of which resulted in seriously bodily injury to her.

To establish that the defendant participated in the commission of the crime, the government must prove beyond a reasonable doubt that the defendant engaged in some affirmative conduct or overt act for the specific purpose of bringing about that crime.

The mere presence of a defendant where a crime is being committed, even coupled with knowledge by the defendant that a crime is being committed, or merely associating with others who were committing a crime, is not sufficient to establish

aiding and abetting. One who has no knowledge that a crime is being committed or is about to be committed, but inadvertently does something that aids in the commission of that crime is not an aider and abettor. An aider and abettor must know that the crime is being committed and act in a way which is intended to bring about the success of the criminal venture.

To determine whether a defendant aided or abetted the commission of the crime with which he is charged, ask yourself these questions:

    1)    Did he participate in the crime charged as something he wished to bring about?

    2)    Did he knowingly associate himself with the criminal venture?

    3)    Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor and, therefore, is guilty of the offense. If, on the other hand, your answer to any of those questions is "no," then the defendant is not an aider and abettor, and you must find him not guilty. I remind you that you must determine the guilt or non-guilt of each defendant separately.

#### 

**[Rest of Page Intentionally Left Blank]**

Case 1:18-cr-00561-DLI   Document 220   Filed 02/15/23   Page 49 of 53 PageID #: 1762

## PART THREE

Now for the third part of the charge, a few words about your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.  In order that your deliberations may proceed in an orderly fashion, you must have a foreperson, but of course the foreperson's vote is not entitled to any greater weight than that of any other juror.  Traditionally, the first juror chosen is the foreperson.  That is Juror # 1, John Ou.

Your function, to reach a fair and impartial verdict from the law and the evidence, is an important one.  Your verdict must be unanimous.

When you return to the jury room, you must discuss the case.  It is the duty of each of you to consult with your fellow jurors and to deliberate with a view toward reaching agreement on a verdict if you can do so without violating your individual judgment and your conscience.  In the course of your deliberations, no one should surrender conscientious beliefs of what the truth is and what the weight and effect of the evidence is.  Moreover, each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors.  Nevertheless, I do ask you to examine the issues and the evidence before you with candor and frankness and a proper deference to and regard for the opinions of one another.  Do not hesitate to change your opinions if you are convinced they are wrong.  Remember that the

parties and the court are relying upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors:  to well and truly try the issues of this case and a true verdict render.

Remember also that your verdict must be based solely on the credible evidence in the case and the law as I have given it to you, not on anything else.  You must not be influenced by any assumptions, conjectures, sympathy, bias, prejudice, or inferences not warranted by the credible facts.

The question of possible punishment of the defendants is of no concern to the jury and, pursuant to your oath as jurors, you cannot allow a consideration of the punishment that may be imposed upon the defendants, if convicted, to enter into or influence your deliberations in any sense or manner.  The duty of imposing a sentence rests exclusively upon the court.  Your function is to weigh the credible evidence in the case and to determine whether or not the defendants are guilty beyond a reasonable doubt, based solely on the evidence.

Bear in mind that the government has the burden of proof at all times and that you must be convinced of each defendant's guilt beyond a reasonable doubt as to each and every element of each offense charged in order to return a guilty verdict as to that defendant for that particular offense.  If you find that this burden has not been

met, you must return a verdict of not guilty. I remind you that you must determine the guilt or non-guilt of each defendant separately.

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, tablet, laptop, computer, the Internet, any Internet service, any text or instant messaging service, any Internet chat room, blog, or social networking site such as, for example, Facebook, Instagram, LinkedIn, YouTube or Twitter, to name a few, to communicate with anyone regarding any information about this case or to conduct any research or do any kind of investigation about this case until after I accept your verdict.

Additionally, it is very important that you not communicate with anyone outside the jury room about your deliberations or about anything at all concerning this case. Indeed, the jury must deliberate only when all twelve jurors are present inside the jury room and no one else is present. You must not discuss the case outside of the jury room, even if all twelve jurors are together, such as in the court corridor. There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me for any reason, simply send a note through the Marshal, noting the date and time and signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to

communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching the merits of the case other than in writing, or orally here in open court.  If you send any notes to the court, do not disclose anything about your deliberations.  Specifically, do not disclose to anyone—not even to me—how the jury stands, numerically or otherwise, on the question of guilt or non-guilt of the defendants, until after you have reached a unanimous verdict or have been discharged.

When you have reached a decision, please have the foreperson sign the verdict form and put the date and time on it and notify the Marshal by note that you have reached a verdict.  I remind you that any verdict you reach must be unanimous.

If you wish to review any portion of the testimony, you may simply indicate that in a note.  In order to assist us to locate quickly the testimony you wish to review, please be as specific as possible when making your request.  Please let us know what part of the testimony of a specific witness you want to review, and please be patient while we find it in the record.  If you need clarification of or further instruction on any point of law, you should indicate that in a note to the court.  Four copies of these final instructions will be provided to you when you retire to your deliberations for your reference.  If you wish to see any of the exhibits received in evidence, you may request those as well and they either will be sent into the jury room or made available for your inspection in the courtroom.

Your oath sums up your duty, and that is, without fear or favor to any person, you will well and truly try the issues in this case according to the evidence given to you in court and the laws of the United States.

Before asking you to retire and begin your deliberations, let me first consult with counsel to be certain I have not overlooked any point.

You may now retire to your deliberations.


Dated:      Brooklyn, New York
            February 16, 2023